UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SKELAXIN (METAXALONE)
ANTITRUST LITIGATION                                                          MDL No. 2343


**TRANSFER ORDER**


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Eastern District of Tennessee *Johnson's Village Pharmacy* action move to centralize this litigation in the Eastern District of Tennessee. This litigation currently consists of two actions pending in the Eastern District of Pennsylvania and an action in the Eastern District of Tennessee, as listed on Schedule A. The cases in this litigation involve allegations that Defendants King Pharmaceuticals, Inc. (King) and Mutual Pharmaceutical Company, Inc. (Mutual) violated federal and state antitrust laws by excluding generic competition for King's name brand "Skelaxin" pharmaceutical product. Plaintiffs contend that defendants' anticompetitive conduct included initiating sham patent infringement litigation against generic drug manufacturers, conspiring to delay entry of Mutual's generic version of Skelaxin into the market, and filing sham Citizen Petitions before the U.S. Food and Drug Administration.

Defendants support centralization, but in the Eastern District of Pennsylvania. Plaintiffs in the two Eastern District of Pennsylvania actions initially opposed centralization in their papers filed with the Panel,[1] but also suggested that, if the Panel centralizes the litigation, the Eastern District of Pennsylvania should be selected as the transferee district. In addition to the parties in the actions on the motion, plaintiffs in four potential tag-along actions pending in the Eastern District of Tennessee support the motion to transfer to that district.[2]

The primary argument advanced against centralization is that, with only two actions brought on behalf of direct purchasers in the Eastern District of Pennsylvania and one action brought on behalf of indirect purchasers in the Eastern District of Tennessee, coordination among the parties and courts is preferable to centralization. The Eastern District of Pennsylvania plaintiffs further suggested that the differences among the claims asserted in the actions (*i.e.*, direct purchaser claims under federal

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] Plaintiff Rochester Drug Co-Operative, Inc., opposed centralization during briefing, but supported centralization in the Eastern District of Pennsylvania at oral argument. Plaintiffs Meijer, Inc. and Meijer Distribution, Inc., waived oral argument.

[2] The Panel has been notified of six additional related actions, of which two are pending in the Eastern District of Pennsylvania and four are pending in the Eastern District of Tennessee. These actions and any other related actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

- 2 -

antitrust laws versus indirect purchaser claims brought pursuant to state laws) also weigh against centralization. We disagree.

Though only three actions were included on the motion for centralization, this litigation has grown to encompass potentially nine actions involving allegations of complex anticompetitive behavior. The Panel has frequently centralized antitrust cases involving direct and indirect purchaser claims that arise from common factual allegations, particularly where multiple related actions are pending. *See, e.g.*, *In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359 (J.P.M.L. 2008) (including actions brought on behalf of putative classes of direct and indirect purchasers of Oxycontin); *In re Pineapple Antitrust Litig.*, 342 F. Supp. 2d. 1348 (J.P.M.L. 2004) (including actions brought on behalf of putative classes of direct and indirect purchasers of defendants' pineapples). These actions present nearly identical factual allegations that defendants' conduct delayed the entry of generic equivalents of Skelaxin into the market, which will likely require duplicative discovery and motion practice. Centralizing these actions under Section 1407 will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary.

For all these reasons, on the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Eastern District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are purported nationwide class actions brought against either defendant King alone or both defendants King and Mutual. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Weighing all factors, we have selected the Eastern District of Tennessee as the transferee district for this litigation. Five of the nine related actions are pending in the Eastern District of Tennessee, and these actions include claims by both direct and indirect purchasers. Further, the headquarters of the common defendant, King, is located in this district. Notably, centralization in the Eastern District of Tennessee may allow for easier coordination with the pending Tennessee state court action. Centralization in this district also permits the Panel to assign the litigation to an experienced judge who sits in a district in which only one other multidistrict litigation is pending.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions pending in the Eastern District of Pennsylvania are transferred to the Eastern District of Tennessee and, with the consent of that court, assigned to the Honorable Curtis Lynn Collier for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| W. Royal Furgeson, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | |

**IN RE: SKELAXIN (METAXALONE)**
**ANTITRUST LITIGATION**                                                                 MDL No. 2343

## SCHEDULE A

<u>Eastern District of Pennsylvania</u>

Meijer, Inc., et al. v. Mutual Pharmaceutical Co., Inc., et al., C.A. No. 2:12-00167
Rochester Drug Cooperative, Inc. v. King Pharmaceuticals, Inc., et al., C.A. No. 2:12-00346

<u>Eastern District of Tennessee</u>

Johnson's Village Pharmacy, Inc., et al. v. King Pharmaceuticals, Inc., C.A. No. 2:12-00004